UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AIMLEE LEWIS,<br><br>                        Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br>COUNTY OF PENNINGTON,<br>IN CIRCUIT COURT, SEVENTH<br>JUDICIAL CIRCUIT,<br><br>                        Defendant. | CIV. 21-5083-JLV<br><br>ORDER |

      Plaintiff Aimee Lewis, appearing *pro se*, filed a complaint against Defendant State of South Dakota, County of Pennington, in Circuit Court, Seventh Judicial Circuit. (Docket 1). Defendant filed a motion to dismiss together with a supporting legal memorandum. (Dockets 9 & 10). Plaintiff subsequently filed a supplement to her complaint, an amendment to the complaint and a brief in resistance to the defendant's motion to dismiss. (Dockets 11, 13 & 15).

      Defendant moves to dismiss plaintiff's complaint "due to insufficient service of process, abstention, judicial immunity and lack of subject matter jurisdiction." (Docket 9 at p. 1). Plaintiff's responsive brief addressed some of defendant's argument. (Docket 15).

Service of Process

Defendant argues plaintiff failed to effectuate service of process of the summons and complaint on either the Governor or the Attorney General of the State of South Dakota as required by Fed. R. Civ. P. 4(j)(2) and S.D.C.L. § 15-6-4(d)(5).  (Docket 9 at p. 2).  Additionally, defendant submits the record shows plaintiff served the summons and complaint herself on the "Pennington County Courthouse."  (Docket 10 at p. 3) (referencing Docket 7).

Ms. Lewis argues she completed service by certified mail on defendant's attorney pursuant to Fed. R. Civ. P. 5 and by certified mail on Governor Noem pursuant to Fed. R. Civ. P. 4(j).  (Docket 15 at pp. 2-3).  As a non-attorney, plaintiff contends she substantially complied with the rules for service of process.  Id.

Fed. R. Civ. P. 4(c)(2) requires that a summons and complaint must be served by a non-party to the action.  "A summons must be served with a copy of the complaint. . . . Any person who is at least 18 years old and *not* a party may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(1) and (2) (emphasis added).

In this case, Ms. Lewis attempted service of process herself by personally leaving a copy of the summons at the "Pennington County Courthouse" on November 30, 2021.  See Docket 7.  She later attempted service upon Governor Noem by certified mail.  See Docket 14.

2

The court recognizes plaintiff's *pro se* status. However, "[e]ven pro se litigants must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). In addition to being defective because the Pennington County Courthouse is not an entity subject to process, plaintiff's effort to simply leave a copy of the summons at that location fails. Additionally, Ms. Lewis' interpretation of Rule 4(j) and Rule 5 misses the mark. Service of process under Rule 4(j) still requires that a non-party complete delivery of the summons and complaint on the governor. That was not completed in this case. Serving the governor by certified mail fails to comply with Rule 4.

Similarly, Rule 5 contemplates before an attorney can be served with any pleading the party itself must have been served to start the proceeding. After service of process on the party, all subsequent filings can be served electronically or by mail on the party's attorney. Fed. R. Civ. P. 5(b)(1). Ms. Lewis is not permitted to ignore or bypass the obligations imposed by Rule 4 (c) and (j) and Rule 5.

For these reasons alone, plaintiff's complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(5). However, the court will address the remainder of defendant's grounds for dismissal as those arguments are meritorious and require dismissal pursuant to 12(b)(1).

3

Abstention

Defendant contends plaintiff filed the same claims in federal court in 2018. (Docket 10 at p. 3) (referencing Lewis v. Seventh Judicial Court, et al, CIV. 18-5071 (D.S.D. 2018)). In the prior proceeding, defendant contends the court refused to resolve Ms. Lewis' claims under the abstention doctrine espoused in Younger v. Harris, 401 U.S. 37 (1971). Id. at pp. 3-4. While the court dismissed Ms. Lewis' 2018 complaint without prejudice, defendant argues "nothing has changed between the . . . order of dismissal and her refiling of a complaint in the present case." Id. at p. 4.

Ms. Lewis' response insists the court's decision to abstain in 2018 was invalid. (Docket 15 at p. 3). Plaintiff argues the pattern and practice of the state court to intervene in plaintiff's parent-child relationship violates Article VI of the United States Constitution. Id. at p. 4. Because Younger involved a criminal proceeding, not a civil proceeding, plaintiff submits she should not be compelled to litigate her constitutional and statutory claims in state court. Id. at pp. 4-5. Plaintiff argues the state court judge and her child's biological father engaged in a conspiracy to threaten or inhibit plaintiff's constitutional rights. Id. at p. 5-6 (citing 18 U.S.C. §§ 241-242 and 28 U.S.C. § 455).

As the court reminded Ms. Lewis in January 2019, the rule announced in Younger "directed federal courts to avoid 'a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.' " Lewis, CR. 18-5071, Docket 62 at

4

pp. 3-4) (citing Younger, 401 U.S. at 41).   While Ms. Lewis again claims Younger only applies to criminal proceedings, the court in Lewis stated that "[c]ircumstances fitting within the Younger doctrine . . . include [state] *civil* proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."   Id. at p. 4 (emphasis added) (citing Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 73 (2013) (quoting New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 367-68 (1989)).

    Ms. Lewis must be reminded what the court said in 2019.   "State courts are competent to adjudicate federal constitutional claims . . . and when a litigant has not attempted to present [her] federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. at pp. 4-5 (citing Oglala Sioux Tribe v. Fleming, 904 F.3d 603, 613 (8th Cir. 2018); internal quotation marks and citations omitted).

    "Under the Younger abstention doctrine, Ms. Lewis" must "litigate her state statutory claims regarding child custody, *as well as her federal constitutional and statutory claims associated with that state proceeding*, in state court."   Id. at p. 5 (emphasis added).   This obligation includes appealing her claims through the South Dakota Supreme Court.   Id. at p. 4.   If Ms. Lewis is dissatisfied with the decision of the South Dakota Supreme Court, that

> [f]inal judgment[] . . . may be reviewed by the [United States] Supreme Court by writ of certiorari . . . where the validity of a statute

of any State is drawn in question on the ground of its being repugnant to the Constitution . . . or laws of the United States, or where any . . . right [or] privilege . . . is specially set up or claimed under the Constitution . . . of . . . the United States.

28 U.S.C. § 1257.  "Abstention is still appropriate" in 2022 as it was in 2019. Lewis, CR. 18-5071, Docket 62 at p. 4.

The court grants defendant's motion to dismiss under the Younger abstention doctrine, which was extended to state civil proceedings by New Orleans Public Service, Inc.

Judicial Immunity

Defendant asserts plaintiff's complaint, filed pursuant to 42 U.S.C. § 1983, must be dismissed because the complaint fails to name as a defendant a specific judge or other judicial official.  (Docket 10 at pp. 4-5) (referencing § 1983).  "Because Defendant is entitled to immunity, and Plaintiff has failed to show any reason why that immunity is not available here," defendant concludes "this matter must be dismissed."  Id. at p. 5.

Plaintiff's brief did not respond to defendant's judicial immunity defense. Rather, Ms. Lewis' brief asserts the state court judge and the father of her son were engaged in a conspiracy in violation of 18 U.S.C. § 241 and they sought to deprive her of the rights granted to plaintiff under the United States Constitution in violation of 18 U.S.C. § 242.  (Docket 15 at pp. 5-6).  Because of this relationship, plaintiff asserts the state court judge should be disqualified pursuant to 28 U.S.C. § 455.  Id. at p. 6.

6

There is no private cause of action arising from the criminal statute cited by Ms. Lewis. See Frison v. Zebro, 339 F.3d 994, 999 (8th Cir. 2003) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation are . . . poor candidates for the imputation of private rights of action. . . .") (internal citation omitted). "Where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under [42 U.S.C.] § 1983 or under an implied right of action." Id. (citing Gonzaga University v. Doe, 536 U.S. 273, 286 (2002)). There is no indication Congress intended to create a private cause of action by enacting 18 U.S.C. § 241.

Section 242 of Title 18 creates a criminal offense if a person, acting under color of any law subjects another to the deprivation of her civil rights on the basis of alien status, color or race. This provision does not create "a private cause of action that may be pursued by individuals." Gustafson v. City of West Richland, Nos. CV-10-5040, CV-10-5058, 2011 WL 5507201 at *4 (E.D. Wash. Nov. 7, 2011). See also Frison, 339 F.3d at 999.

Finally, plaintiff's reference to 28 U.S.C. § 455 is misplaced. This federal statute has no bearing on whether a state court judge should remove himself from a state case.

Specifically addressing defendant's ground for dismissal, the court finds the complaint fails to name as a defendant a specific state court judge or other

judicial officer who is the focus of the complaint.   Even if the complaint had named State Circuit Court Judge Day referenced in plaintiff's brief, the complaint would still be subject to dismissal.

Plaintiff's claims against Judge Day fail based on judicial immunity.  Although "judges are generally immune from suit for money damages, they can be sued in two circumstances.   First, a judge may be subject to suit for non-judicial acts. . . . Second, judges are not immune from lawsuits based on actions taken in the complete absence of all jurisdiction."   Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994) (internal citations omitted).  Neither exception applies in this case.   The court finds plaintiff may not bring her claims against Judge Day.

Rooker-Feldman Doctrine

Defendant argues plaintiff's effort "to overturn a state court child custody decision" violates the Rooker-Feldman doctrine, which precludes federal district courts "from serving as appellate courts to review state court judgments."   Id. at pp. 5-6 (referencing Dornheim v. Sholes, 430 F.3d 919, 923 (8th Cir. 2005) (referencing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)).  Because plaintiff's complaint seeks to have the court "overturn a final order by the state court," the defendant concludes the court "lacks subject matter jurisdiction."   Id. at 6.

While not specifically addressing defendant's Rooker-Feldman doctrine defense, plaintiff contends Article VI of the United States Constitution and particularly the Supremacy Clause requires that if "the laws of the federal government are in conflict with the laws of a state's government, the federal law will supersede the state law." (Docket 15 at p. 9). Arguing the state court orders violated Ms. Lewis' and her son's United States Constitutional rights, plaintiff asserts this federal court must "stop the Pennington County Courthouse from enabling [the father of her son] (who committed domestic violence against me and my son) to have power over me and [her son]." (Docket 1 at p. 5).

It is unclear from plaintiff's complaint and brief whether the state court proceedings have ended. That is, whether plaintiff has exhausted her claims in the South Dakota state court system. There is no indication in the record that the South Dakota Supreme Court has ruled upon an appeal by Ms. Lewis from the rulings of the Circuit Court, Seventh Judicial Circuit, Pennington County.

"The United States Supreme Court has . . . narrowed application of the Rooker/Feldman doctrine to . . . 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the court proceedings commenced and inviting district court review and rejection of those judgments.' " Novotny v. Tripp County, S.D., No. CIV 08-3020, 2010 WL 4791815, at *3 (D.S.D. Nov. 18, 2010) (citing Exxon Mobil Corp. v. Saudi Basic

9

Industries Corporation, 544 U.S. 280, 281 (2005)).  "Exxon Mobil makes clear that the Rooker/Feldman doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended."   Id. (citing Exxon Mobil, 544 U.S. at 292).  " 'Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.' "   Id. (citing Exxon Mobil, 544 U.S. at 292; Dornheim, 430 F.3d at 923).

As in Novotny, Ms. Lewis complains of actions and orders entered by a state court judge.  "A federal court does not exercise supervisory control over state court judges.  Nor, in general, can a collateral attack in a civil case be launched against orders issued by state court judges."  Id.  "[A] federal court should not be delving into any such matters which occurred in state court since a federal court would thus be required to 'go behind' the protection orders entered by the state court."  Id.

Applying either the Rooker-Feldman doctrine or the preclusion doctrine, the court finds it must refrain from engaging in an evaluation of the conduct of the state court judge and the state circuit court for the matters raised by Ms. Lewis.   Defendant's motion for dismissal on this basis is granted.

Fed. R. Civ. P. 12(h)(3)

Rule 12(h)(3) requires the court *sua sponte* to determine whether it has subject-matter jurisdiction.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

10

12(h)(3). Independent of defendant's motion, the court finds plaintiff's complaint by naming a state court entity or organization, without identifying particular individuals who are alleged to have violated Ms. Lewis' federal constitutional rights, fails as a matter of law. The court does not have subject-matter jurisdiction. Id.

While the court is again dismissing Ms. Lewis' complaint without prejudice, that it not an invitation to file yet another complaint in federal court. Plaintiff's claims, constitutional and statutory, must be brought in the state court proceeding with jurisdiction over custody and visitation. If Ms. Lewis is dissatisfied with the resolution of her claims by the South Dakota Supreme Court, she may seek review by the United States Supreme Court. 28 U.S.C. § 1257. Any further misguided complaints filed in federal court may result in sanctions against Ms. Lewis, personally. See Fed. R. Civ. P. 11.

## ORDER

Based on the above analysis, it is

ORDERED that defendant's motion (Docket 9) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

Dated April 20, 2022.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE